IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MICHAEL PEDREGON,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CAUSE NO. 3:22-cv-00147 |
| ALEJANDRO MAYORKAS,<br>SECRETARY, U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>　　Defendant. | §<br>§<br>§<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES, Michael Pedregon, ("Plaintiff" or "Pedregon") in the above entitled and numbered cause, and files this Plaintiff's Original Complaint and Demand for Jury Trial, complaining of Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security (hereinafter referred to as "Defendant", "the Agency" or "U.S. Border Patrol"), and in support thereof respectfully shows the Court the following:

**I.**

**PARTIES, JURISDICTION AND VENUE**

1.　　The Court has federal question jurisdiction pursuant to 28 U.S.C. §1332 due to this is a civil action arising under federal law, and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

2.　　Plaintiff is a citizen of the United States and a resident of El Paso County, Texas. Plaintiff has been subjected to unlawful employment practices committed within El Paso County,

Texas. Defendant U.S. Border Patrol is a federal agency who operates in El Paso County and therefore, venue is proper in El Paso County, Texas per 28 U.S.C. §1391(c).

3. Defendant, Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security ("Defendant", "the Agency" or "U.S. Border Patrol"), at all relevant times, Defendant has continuously been a Federal Agency of the United States. Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Ms. Stephanie Rico, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216-5597; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Secretary Alejandro Mayorkas, Department of Homeland Security, Washington, D.C. 20528.

## II.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. Plaintiff filed a formal complaint of discrimination. Such filing was within at least 45 days of the last act of which he complained. Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, pursuant to Title VII of the 1964 Civil Rights Act (Title VII). More specifically, Plaintiff, Michael Pedregon alleges that he was discriminated against because of his race (Hispanic) and retaliated against for prior protected activity.

5. On or about December 22, 2021, a Final Agency Decision was requested by Plaintiff. On or about February 10, 2022, a Final Agency Decision was issued by U.S. Department of Homeland Security (DHS), Office of Civil Right and Civil Liberties (CRCL). Notice in that

Final Decision stated that Plaintiff had 90 days to file a civil action to appeal this decision. Pursuant to 42 USCS § 2000e-16(c), Plaintiff has filed this complaint and appeal to the award within 90 days of the Final Decision.

### III.

### FACTUAL BACKGROUND

6. This is a discrimination and retaliation case filed by Pedregon. Pedregon was not selected for promotion, assignments and details, and has suffered discrimination because of his race and national origin (Hispanic) and suffered retaliation.

7. Pedregon is a Border Patrol Agent (BPA), GS-1896-12 assigned to the Ysleta Station, El Paso Sector.

<u>The Supervisory Border Patrol Agent (SBPA) position</u>

8. On or about March 19, 2018, Pedregon applied for the position of Supervisory Border Patrol Agent (SBPA) GS-1896-13, job opportunity announcement number USBP-IMP-10148480-KJK. This assignment would be considered a promotion. On or about April 11, 2018, Plaintiff received an email notification that he was referred to the selecting official. Former Patrol Agent in Charge (PAIC) Alfredo Esquivel and former Deputy Patrol Agent in Charge (DPAIC) David Robles (both retired) of Ysleta Border Patrol station served as selecting officials.

9. Supervisory Border Patrol Agent (SBPA) Marisela Quinones received one of the three positions as a noncompetitive transfer lateral.

10. On or about April 11, 2018, a merit promotion list issued.

11. DPAIC David Robles reviewed and scored all applicant's resumes and CBP 360 (reference check). The resumes were scored on job experience, writing skills, technical skills, seniority and education. The maximum score was 100 points if interviews were conducted

(interviews carried maximum score of 40 points).

12. However, the maximum score was 60 because no interviews were held for the remaining two positions. PAIC Esquivel decided no interviews were necessary.

13. Pedregon was ranked behind two Caucasian (white – non-Hispanic) agents, Scott Hayes and Nathan Davis, who had less seniority than Pedregon. They were also less experienced based on the resume and on-the-job training.

14. Pedregon's seniority EOD was not scored accurately.

15. In this case, no CBP 360's were done for the selection process. Instead selecting officials allegedly made telephone calls to the applicants' immediate supervisors whose names should be in comment section. Upon information and belief, Pedregon's supervisory comments or rating was not scored accurately.

16. On or about May 8, 2018, Plaintiff learned that he was not selected for the SBPA position. Agents Scott C. Hayes and Nathan G. Davis were selected for SBPA positions and non-Hispanic.

17. On June 11, 2018, Pedregon contacted CBP EEO regarding his complaint of discrimination against PAIC Alfredo Esquivel and DPAIC David Robles. Upon information and belief, Mr. Esquivel and Mr. Robles were contacted by CBP EEO after the complaint was filed by Pedregon.

<u>Anti-Smuggling Unit position</u>

18. On or about February 6, 2019, PAIC Esquivel issued to the Agents at the Ysleta Station, a solicitation for a six-month assignment to the Ysleta Anti-Smuggling Unit (ASU). This is a career enhancing position.

19. On or about February 7, 2019, Plaintiff submitted to the PAIC an application

pursuant to the ASU solicitation and on or about February 10, 2019. An interview panel consisting of three station supervisors recommended Plaintiff for the selection of the ASU assignment.

20. On or about March 6, 2019, PAIC Esquivel issued a memo and made the decision wherein he announced the selectee, BPA Seth Payne, a non-Hispanic.

21. Upon information and belief, Agent Payne qualified and less senior than applicant Pedregon.

22. As for the reasons for non-selection, Pedregon was told that he was not eligible because of a "cool off period" policy at Ysleta Border Patrol station. Upon information and belief, this is not policy or in writing. To the extent a "cool off period" policy exists at Ysleta Border Patrol station during the time of this nonselection, it has been selectively or disparately implemented against Pedregon.

23. Grievances and grievance responses from the Agency related to detail policies and practices at the Ysleta station during the relevant time period that show there was no detail or training policy that required a "cool off period".

24. Ysleta station program and reports (EIMS) and (ETS) that tracks the details, training and collateral duties by Ysleta station employees/agents that would show the inconsistency and/or nonexistence of any stated "cool off period" policy. This information would be available or be known to PAIC Esquivel during this decision to exclude Pedregon from career enhancing details or assignments.

25. For example, other Ysleta station agents obtained assignments, details and/or training without a "cooling off period" including but not limited to Agent Silveno Arias, Agent Willy Davis, Agent Robert Gonzalez, Agent Anton Kaarma, Agent Jaime Leon, Agent Omar Lopez, Agent Robert Minjares, and Agent Victor Mendoza. Upon information and belief, there

are others.  Pedregon was disparately treated and/or this alleged "cool off period" policy was selectively enforced against Pedregon.

## National Recruiter Training Course (NRTC)

26. On or about October 4, 2019, an email was sent out to all Ysleta Agents as a solicitation to attend the National Recruiter Training Course (NRTC) during October 21-25, 2019. This training is career enhancing.

27. On or about October 9, 2019, Plaintiff submitted to PAIC Esquivel an application to take the NRC Training.  On or about October 10, 2019, Defendant announced the selectee, Rene Parra to participate in the training.

28. Upon information and belief, Agent Parra was less senior and less qualified than him.

29. The selecting officials had actual or constructive knowledge of Pedregon's race and prior EEO complaints.  Pedregon's EEO complaints prior to the decisions centered on actions, discrimination and retaliation by PAIC Esquivel and DPAIC Robles.

30. The management at Ysleta Border Patrol Station, failed to follow procedures for selecting applicants for promotions, assignments and details.  Pedregon was treated disparately compared to similarly situated employees.

31. Upon information and belief, Pedregon was treated differently because of his race and/or retaliation for prior protected activity. He was not selected for discriminatory and/or retaliatory reasons.

## IV.

## CLAIMS

### A. Race/National Origin Discrimination and Retaliation

32. Pedregon incorporates by reference all of the allegations set forth in paragraphs 1 through 31 above.

33. Pedregon will show that U.S. Border Patrol's aforementioned conduct violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2(a), *et seq.* and Title I of the Civil Rights Act of 1991, and 42 U.S.C. §1981a. U.S. Border Patrol failed to promote Pedregon because his race and/or retaliation.

34. As a direct and proximate result of U.S. Border Patrol's conduct as set forth herein, Pedregon has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court.

### B. Attorneys' Fees and Costs

35. Pedregon incorporates by reference all of the allegations set forth in paragraphs 1 through 34 above.

36. Pedregon seeks recovery of his reasonable and necessary attorneys' fees and all costs of court incurred herein.

## V.

## CONDITIONS PRECEDENT

37. Pedregon incorporates by reference all of the allegations set forth in paragraphs 1 through 36 above.

38. Pedregon would show that all conditions precedent to his lawful recovery herein have been performed or occurred.

## VI.

## DENOVO REVIEW REQUESTED

39. Plaintiff seeks de novo review of his claims and not enforcement of the CRCL's final order.  When a federal agency issues a notice of final action to a federal employee alleging employment discrimination, the claimant may seek de novo review of the disposition of his administrative complaint by filing a civil action in district court within 90 days. 42 U.S.C.S. § 2000e-16(c). Although the claimant also has the option of appealing the final action to the Equal Employment Opportunity Commission before filing a civil action, 29 C.F.R. § 1614.401(a), that is not required.  *Farrell v. Principi*, 366 F.3d 1066, 1066 (9th Cir. Or. 2004).  Compliance with the administrative procedures set forth in 29 C.F.R. § 1614.504 is not required when the claimant seeks review of the disposition of his administrative complaint, rather than enforcement of a final action. 29 C.F.R. § 1614.504(a); *See also Farrell*, 366 F.3d at 1066.

## JURY DEMAND

40. Pedregon requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear herein, and that upon final hearing he be provided the following relief:

(i) Reinstatement to the promoted position;
(ii) Front pay and back pay within the jurisdictional limits of the Court;
(iii) Compensatory damages;
(iv) Injunctive relief;
(v) Pre-judgment and post-judgment interest at the highest rates allowed by law;
(vi) All reasonable and necessary attorneys' fees incurred as specified herein;
(vii) All costs of court;

(viii) Seeks de novo review of his claim; and
(ix) Such other and further relief, at law or in equity, to which Pedregon would show he is justly entitled.

Respectfully submitted,

> **MARTINEZ & MARTINEZ LAW FIRM, PLLC**
> *Attorneys for Plaintiff*
> 2110 E. Yandell Dr.
> El Paso, Texas 79903
> (915) 541-1000
> (915) 541-1002 (Facsimile)
>
> By: */s/ Raymond D. Martinez*
> **RAYMOND D. MARTINEZ**
> State Bar No. 24002537
> raymond@martinezlawyers.com